**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

```
_____ :
DARYL SAVAGE,                    :
                                 :        Civil Action No.
                Petitioner,      :        09-6418 (RBK)
                                 :
                v.               :        MEMORANDUM OPINION
                                 :        AND ORDER
WARDEN DONNA ZICKEFOOSE,         :
                                 :
                Respondent.      :
_____ :
```

This matter is before the Court upon Petitioner's submission of application seeking habeas corpus relief ("Petition"), and it appearing that:

1.  The Petition was executed pursuant to 28 U.S.C. § 2241. See Docket Entry No. 1.  It arrived, however, unaccompanied by Petitioner's filing fee of $5 or by his in forma pauperis application.  See id.

2.  Although "Petitioner asserts [that] this Habeas Corpus [application] is actionable under Section 28 U.S.C. 2241 because Petitioner is in custody[,] and he attacks the term of that custody," Docket Entry No. 1-1, at 1, the content of his submission makes it abundantly clear that Petitioner's challenge is aimed at the sentence imposed by the federal court presiding over Petitioner's prosecution. See id. at 2-3 (asserting that his federal sentencing court could impose a sentence running concurrently with and/or in retroactive

concurrence with Petitioner then-running state sentence, but did not; Petitioner concedes that, without such directive by his federal sentencing court, the BOP is without power to grant Petitioner credit for the time Petitioner served in his pre-federal state custody).  Indeed, in no ambiguous terms, Petitioner maintains that his federal sentencing court failed to take into consideration the appropriate sentencing guidelines when imposing Petitioner's federal sentence.  See id. at 6-7.  Moreover, the Petition clarifies that Petitioner's federal sentencing court was the United States District Court for the District of Maryland.  See Docket Entry No. 1, at 3.

3.   While Petitioner is under impression that his application is properly filed with this Court under Section 2241, Petitioner errs.  This Court is without jurisdiction under § 2241 to entertain the Petition.  A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there."  28 U.S.C. § 2243.  Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir.

2000); <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir.), <u>cert. denied</u>, 490 U.S. 1025 (1985).

4.    Section 2241 of Title 28 of the United States Code provides in relevant part:

> The writ of habeas corpus shall not extend to a prisoner unless-  . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).   As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.[1]   <u>See</u> 28 U.S.C. § 2255; <u>Davis v. United States</u>, 417 U.S. 333, 343-44 (1974); <u>United States v. Hayman</u>, 342 U.S. 205, 219 (1952). Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was

---

[1]

The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must be filed in the district where the prisoner is confined and "the few District courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisoners within the district." <u>United States v. Hayman</u>, 342 U.S. 205, 213-14 (1952).

without jurisdiction to impose such sentence, or
that the sentence was in excess of the maximum
authorized by law, or is otherwise subject to
collateral attack, may move the court which imposed
the sentence to vacate, set aside or correct the
sentence.

28 U.S.C. § 2255.  "Motions pursuant to 28 U.S.C. § 2255 are
the presumptive means by which federal prisoners can challenge
their convictions or sentences that are allegedly in violation
of the Constitution." Okereke v. United States, 307 F.3d 117,
120 (3d Cir. 2002).  This is because § 2255 expressly
prohibits a district court from entertaining a challenge to a
prisoner's federal sentence under § 2241 unless the remedy
under § 2255 is "inadequate or ineffective" to test the
legality of the petitioner's detention.[2]  See 28 U.S.C. §
2255.  Specifically, paragraph five of § 2255 provides:

An application for a writ of habeas corpus
[pursuant to 28 U.S.C. § 2241] in behalf of a
prisoner who is authorized to apply for relief by
motion pursuant to this section, shall not be
entertained if it appears that the applicant has
failed to apply for relief, by motion, to the court
which sentenced him, or that such court has denied
him relief, unless it also appears that the remedy
by motion is inadequate or ineffective to test the
legality of his detention.

28 U.S.C. § 2255; see Cradle v. Miner, 290 F.3d 536 (3d Cir.

---

[2]

The "inadequate or ineffective" language was necessary because
the Supreme Court held that "the substitution of a collateral
remedy which is neither inadequate nor ineffective to test the
legality of a person's detention does not constitute a suspension
of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372,
381 (1977).

Page -4-

2002); <u>In re Dorsainvil</u>, 119 F.3d at 251.  A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  <u>Cradle</u>, 290 F.3d at 538.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." <u>Id.</u> (emphasis supplied).  Indeed, "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." <u>Id.</u> at 539.[3]

5.   Here, Petitioner does not assert any grounds as to why Section 2255 would be "inadequate or ineffective" remedy to address

_____

[3] In <u>Dorsainvil</u>, the Court of Appeals held that the remedy provided by § 2255 is "inadequate or ineffective" (hence, permitting resort to § 2241, a statute without timeliness or successive petition limitations), only where it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  <u>See</u> <u>In re Dorsainvil</u>, 119 F.3d at 251-52. The <u>Dorsainvil</u> exception, however, is facially inapplicable to the case at bar.

his challenges to his federal sentence.   All he asserts is that his federal sentencing court could have imposed another sentence but elected not to do so.   This Court, however, has no jurisdiction to second guess the decision of Petitioner's federal sentencing court.

IT IS, therefore, on this __28th__ day of __October__, 2010,

ORDERED that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is DENIED for lack of jurisdiction;[4] and it is further

ORDERED that, within thirty days from the date of entry of this Order, Petitioner shall either remit his filing fee of $ 5.00 or file his duly executed application to prosecute this matter in forma pauperis; and it is finally

ORDERED that the Clerk shall serve a copy of this Memorandum

---

[4] In light of Petitioner's assertion that his federal sentencing court elected to impose the very sentence Petitioner is challenging, this Court finds it not in the interests of justice to construe the Petition as Petitioner's Section 2255 motion, and will not forward it to the United States District Court for the District of Maryland.  However, this Court's decision not to transfer the Petition should not be construed as barring Petitioner from seeking § 2255 relief from the United States District Court for the District of Maryland in the event Petitioner elects to do so.  Moreover, in the event Petitioner filed a § 2255 motion and had it denied, no statement made in this Memorandum Opinion and Order shall be construed as preventing Petitioner from seeking leave from the United States Court of Appeals for the Fourth Circuit in order to file second/successive Section 2255 application.  With the same token, no statement made in this Memorandum Opinion and Order shall be construed as expressing this Court's opinion that Petitioner's § 2255 challenges are valid (or invalid) either procedurally or substantively.

Opinion and Order upon Petitioner by regular U.S. mail, together
with a blank <u>in forma pauperis</u> form for prisoners seeking habeas
relief, and shall close the file on this matter.

<u>s/Robert B. Kugler</u>
**Robert B. Kugler**
**United States District Judge**